**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

GREATER KANSAS CITY LABORERS PENSION FUND, a Trust Fund,

and

LANCE CLAIBORNE and JEFFREY PHILGREEN TRUSTEES OF THE GREATER KANSAS CITY LABORERS PENSION FUND,

and

CONSTRUCTION INDUSTRY LABORERS WELFARE FUND, a Trust Fund,

and

LANCE CLAIBORNE and JEFFREY PHILGREEN TRUSTEES OF THE CONSTRUCTION INDUSTRY LABORERS WELFARE FUND,

and

GREATER KANSAS CITY LABORERS VACATION PLAN, a Trust Fund,

and

LANCE CLAIBORNE AND JEFFREY PHILGREEN TRUSTEES OF THE GREATER KANSAS CITY LABORERS VACATION PLAN

and

GREATER KANSAS CITY LABORERS TRAINING FUND, a Trust Fund,

and

MARCUS JOHNSON-EL and LANCE CLAIBORNE TRUSTEES OF THE GREATER KANSAS CITY LABORERS TRAINING FUND,

and

CONSTRUCTION INDUSTRY LABORERS SUPPLEMENTAL MEDICAL AND RETIREE TARGETED FUND, a Trust Fund

**No. 4:25-CV-00744**

{00605736;L24-230;AL }

and

MATHEW BOWEN and JASON MENDENHALL TRUSTEES OF THE CONSTRUCTION INDUSTRY LABORERS SUPPLEMENTAL MEDICAL AND RETIREE TARGETED FUND

Plaintiffs,

vs.

RITEWAY MAINTENANCE & SUPPLY, LLC
[SERVE: William J. Jacob
Registered Agent
324 E. 11TH Street
Suite 101
Kansas City, MO 64106]

Defendant.

**C O M P L A I N T**

**COUNT I**

Come now Plaintiffs, Greater Kansas City Laborers Pension Fund, a Trust Fund, and LANCE CLAIBORNE and JEFFREY PHILGREEN, duly appointed and acting Trustees of the Greater Kansas City Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Greater Kansas City Laborers Pension Fund, and, for their cause of action under Count I against Defendant, state:

1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145.

2. Plaintiffs, LANCE CLAIBORNE and JEFFREY PHILGREEN, are duly appointed and acting Trustees of the Greater Kansas City Laborers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Greater Kansas City Laborers Pension Fund; Plaintiff, Greater Kansas City Laborers Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations

Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1003.

3. Said Plaintiff Fund was established on April 24, 1965, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and Laborers Local Unions Nos. 264, No. 555, and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

5. Defendant Riteway Maintenance & Supply, LLC. (hereinafter “Riteway”) is a Missouri limited liability company doing business in the State of Missouri, particularly in the Western District of Missouri. Riteway at all times material herein employed Laborers performing work covered by the collective bargaining agreements herein mentioned.

6. In the ordinary course of business, Riteway annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, and 29 U.S.C. §185.

7. At all materials times, Riteway stipulated and agreed to be bound by the terms and conditions of the collective bargaining agreements then in effect and that would subsequently be in effect between the Builders Association of Missouri and Laborers Locals No. 264 and No. 1290 of the Western Missouri and Kansas Laborers’ District Council of the Laborers’ International Union of North America, AFL-CIO.

8. Laborer employees of Riteway were employed under the terms of the applicable collective bargaining agreements under the terms of which Riteway agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements and submit written reports within twenty days after the last day of the preceding month for the hours worked during said preceding month.

9. Riteway is required by Section 209 of ERISA, 29 U.S.C. §1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

10. Under the agreements hereinabove mentioned, Riteway likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Riteway pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees, and other records relevant to and of assistance in determining whether Riteway complied with its obligations under said agreements to make payments to Plaintiff Fund.

11. Demand has been made by said Plaintiffs to examine, inspect and audit Riteway's books and records from **January 1, 2022, to date**, for the purposes of determining the amount of contributions which should have been paid to said Plaintiff Fund during said period, but Riteway has refused to allow Plaintiffs to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

12. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

13. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

14. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Riteway is ordered to specifically perform all obligations on Riteway's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

15. Riteway is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce Riteway obligations under Section 515 of ERISA.

16. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Riteway's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2022, to date**; and

B. For judgment against Riteway in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Riteway for liquidated damages; and

D. For judgment against Riteway for interest on the unpaid fringe benefit contributions; and

E. For judgment against Riteway for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Riteway for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Riteway to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Riteway to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring Riteway to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Riteway, jointly and severally, for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

**COUNT II**

Come now Plaintiffs, Construction Industry Laborers Welfare Fund, a Trust Fund, and LANCE CLAIBORNE and JEFFREY PHILGREEN, are duly appointed and acting Trustees of the Construction Industry Laborers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers Welfare Fund, and, for their cause of action under Count II against Defendant, state:

1. Plaintiffs, LANCE CLAIBORNE and JEFFREY PHILGREEN, are duly appointed and acting Trustees of Construction Industry Laborers Welfare Fund, who are authorized to maintain this

action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers Welfare Fund; Plaintiff Construction Industry Laborers Welfare Fund, (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2. Said Plaintiff Fund was established on April 1, 1972, pursuant to the collective bargaining agreement between the Associated General Contractors of Missouri and the Eastern Missouri Laborers Council and the Western Missouri Laborers Council and the Western Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. Plaintiffs hereby incorporate, adopt, and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) as stated within Count I of Plaintiffs' Complaint.

4. Demand has been made by said Plaintiffs to examine, inspect and audit Riteway's books and records from **January 1, 2022, to date,** for the purposes of determining the amount of contributions which should have been paid to said Plaintiff Fund during said period, but Riteway has refused to allow Plaintiffs to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Riteway's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2022, to date**; and

B. For judgment against Riteway in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Riteway for liquidated damages; and

D. For judgment against Riteway for interest on the unpaid fringe benefit contributions; and

E. For judgment against Riteway for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Riteway for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Riteway to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Riteway to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring Riteway to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Riteway for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

**COUNT III**

Come now Plaintiffs, Greater Kansas City Laborers Vacation Plan, a Trust Fund, and LANCE CLAIBORNE and JEFFREY PHILGREEN, are duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the

Welfare Fund and all the Trustees of the Greater Kansas City Laborers Vacation Plan, and, for their cause of action under Count III against Defendant, state:

1. Plaintiffs, LANCE CLAIBORNE and JEFFREY PHILGREEN, are duly appointed and acting Trustees of the Greater Kansas City Laborers Vacation Plan who are authorized to maintain this action on behalf of the Vacation Plan and all the Trustees of the Greater Kansas City Laborers Vacation Plan; Plaintiff Greater Kansas City Laborers Vacation Plan (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2. Said Plaintiff Fund was established on November 21, 1973, pursuant to the collective bargaining agreement between the Builders Association of Missouri and Laborers Local Unions Nos. 264, No. 555, and 1290 of the Greater Kansas City Laborers District Council (now the Western Missouri and Kansas Laborers District Council) of the Laborers International Union of North America (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. Plaintiffs hereby incorporate, adopt, and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) as stated within Count I of Plaintiffs' Complaint.

4. Demand has been made by said Plaintiffs to examine, inspect and audit Riteway's books and records from **January 1, 2022, to date,** for the purposes of determining the amount of contributions which should have been paid to said Plaintiff Fund during said period, but Riteway has refused to allow Plaintiffs to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Riteway's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2022, to date**; and

B. For judgment against Riteway in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Riteway, for liquidated damages; and

D. For judgment against Riteway for interest on the unpaid fringe benefit contributions; and

E. For judgment against Riteway for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Riteway for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Riteway to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Riteway to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring Riteway to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Riteway for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

**COUNT IV**

Come now Plaintiffs, Greater Kansas City Laborers Training Fund, a Trust Fund, and MARCUS JOHNSON-EL and LANCE CLAIBORNE, are duly appointed and acting Trustees of the Greater Kansas City Laborers Training Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Greater Kansas City Laborers Training Fund, and, for their cause of action under Count IV against Defendant, state:

1. Plaintiffs, MARCUS JOHNSON-EL and LANCE CLAIBORNE, are duly appointed and acting Trustees of the Greater Kansas City Laborers Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Greater Kansas City Laborers Training Fund; Plaintiff Greater Kansas City Laborers Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2. Said Plaintiff Fund was established on January 8, 1976, pursuant to the collective bargaining agreement between the Builders Association and Laborers Local Unions No. 264 and 1290 of the Missouri and Kansas Laborers District Council of the Laborers International Union of North America, AFL-CIO); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 2022.

3. Plaintiffs hereby incorporate, adopt, and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) as stated within Count I of Plaintiffs' Complaint.

4. Demand has been made by said Plaintiffs to examine, inspect and audit Riteway's books and records from **January 1, 2022, to date,** for the purposes of determining the amount of contributions which should have been paid to said Plaintiff Fund during said period, but Riteway has

refused to allow Plaintiffs to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Riteway's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2022, to date**; and

B. For judgment against Riteway in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Riteway for liquidated damages; and

D. For judgment against Riteway for interest on the unpaid fringe benefit contributions; and

E. For judgment against Riteway for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Riteway for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Riteway to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Riteway to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring Riteway to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Riteway for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

**COUNT V**

Come now Plaintiffs, Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund, a Trust Fund, and MATHEW BOWEN and JASON MENDENHALL, are duly appointed and acting Trustees of the Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund, and, for their cause of action under Count V against Defendant, state:

1. Plaintiffs, MATHEW BOWEN and JASON MENDENHALL, are duly appointed and acting Trustees of the Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund who are authorized to maintain this action on behalf of the Fund and all the Trustees of the Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund; Plaintiff Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2. Said Plaintiff Fund was established on April 1, 2014, pursuant to the collective bargaining agreement between The Heavy Constructors' Association of the Greater Kansas City Area and the Western Missouri and Kansas Laborers' District Council of the Laborers International Union of North America, AFL-CIO.

3. Plaintiffs hereby incorporate, adopt, and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) as stated within Count I of Plaintiffs' Complaint.

4. Demand has been made by said Plaintiffs to examine, inspect and audit Riteway's books and records from **January 1, 2022, to date,** for the purposes of determining the amount of

contributions which should have been paid to said Plaintiff Fund during said period, but Riteway has refused to allow Plaintiffs to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Riteway's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **January 1, 2022, to date**; and

B. For judgment against Riteway in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements; and

C. For judgment against Riteway for liquidated damages; and

D. For judgment against Riteway for interest on the unpaid fringe benefit contributions; and

E. For judgment against Riteway for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Riteway for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Riteway to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Riteway to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring Riteway to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Riteway for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

/s/ Bradley J. Sollars
Bradley J. Sollars, No. 54931 (MO)
Evan M. Schodowski, No. 70796 (MO)
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: 816-421-5178
Facsimile: 816-471-5574
bjsollars@a-nlaw.com
eschodowski@a-nlaw.com
***Attorneys for Plaintiffs***