**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| GREATER KANSAS CITY LABORERS PENSION FUND, et al.<br><br>Plaintiffs,<br><br>v<br><br>RITEWAY MAINTENANCE & SUPPLY, LLC<br><br>Defendant. | ) | Case No: 4:25-cv-00744-FJG<br><br>**JURY TRIAL DEMANDED** |

---

| | |
|---|---|
| RITEWAY MAINTENANCE & SUPPLY, LLC,<br><br>Counterclaim-Plaintiff,<br><br>v<br><br>WESTERN MISSOURI & KANSAS LABORERS DISTRICT COUNCIL; LABORERS LOCAL 264; LABORERS LOCAL 1290; GREATER KANSAS CITY LABORERS PENSION FUND; CONSTRUCTION INDUSTRY LABORERS WELFARE FUND; GREATER KANSAS CITY LABORERS VACATION PLAN; GREATER KANSAS CITY LABORERS TRAINING FUND; CONSTRUCTION INDUSTRY LABORERS SUPPLEMENTAL MEDICAL & RETIREE TARGETED FUND; CONSTRUCTION BENEFITS AUDIT CORPORATION; AMY ROTE; ALICE "ALI" STOMBOLY; MARCUS JOHNSON-EL; JEFFREY PHILGREEN; LANCE CLAIBORNE; REGINALD "REGGIE" THOMAS; MATHEW BOWEN; and JASON MENDENHALL;<br><br>Counterclaim-Defendants. | ) |

**DEFENDANT RITEWAY MAINTENANCE & SUPPLY, LLC'S ANSWER TO**
**<u>COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS</u>**

**COMES NOW** Defendant Riteway Maintenance & Supply, LLC ("Riteway"), by and through counsel, and for its Answer to Plaintiffs' Complaint, Affirmative Defenses, and Counterclaims, states as follows:

Unless expressly admitted, each and every allegation of the Complaint is denied.

## I.

## <u>ANSWER</u>

**Regarding the Allegations of ¶¶ 1–16 of Count I of the Complaint:**

1. Riteway denies the allegations of paragraph 1 of the Complaint.

2. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint, and therefore denies the same and demands strict proof.

3. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 3, and therefore denies the same and demands strict proof.

4. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 4, and therefore denies the same and demands strict proof.

5. Riteway admits it is a Missouri limited liability company doing business in Missouri in this District. Riteway denies all remaining allegations of paragraph 5.

6. Riteway admits only that it engages in business in Missouri; all remaining allegations and legal conclusions paragraph 6 are denied.

7. Denied.

8. Riteway denies the allegations in paragraph 8 that there was any applicable collective bargaining agreement between the parties, and Riteway denies that it agreed to make contributions or submit reports as alleged. Any remaining allegations and legal conclusion are denied.

9. Regarding the allegations of paragraph 9 of the Complaint, Riteway denies that there was any applicable collective bargaining agreement between the parties. Paragraph 9 calls for legal conclusions to which no response is required. Any recordkeeping duties under ERISA § 209 arise, if at all, only upon a valid written agreement binding Riteway, and Riteway denies that any such valid agreement exists regarding these parties. Any remaining allegations and legal conclusions are denied.

10. Riteway denies the allegations of paragraph 10 of the Complaint.

11. Regarding the allegations of paragraph 11 of the Complaint, Riteway admits that Plaintiffs demanded an audit and Riteway refused to allow it. Riteway denies that it ever agreed to any such audit obligation and denies any contractual or statutory duty to submit to such audit. Any remaining allegations are denied.

12. Riteway denies the allegations of paragraph 12 of the Complaint.

13. Riteway denies the allegations of paragraph 13 of the Complaint.

14. Riteway denies the allegations of paragraph 14 of the Complaint.

15. Riteway denies the allegations of paragraph 15 of the Complaint.

16. Riteway denies the allegations of paragraph 16 of the Complaint.

**WHEREFORE**, regarding Plaintiffs' prayer and all allegations of Subparts "A" through "K" of Count I of the Complaint, those allegations are denied, having fully answered Count I, Riteway respectfully prays that Count I be dismissed with prejudice, that all relief requested therein be denied, and that Riteway be awarded its costs and such other and further relief as the Court deems just and proper.

**Regarding the Allegations of ¶¶ 1-4 of Count II of the Complaint:**

17. Riteway repeats and incorporates by reference its responses to Count I, ¶¶ 1–16 and the prayer, as if fully set forth herein, and denies all remaining allegations and all relief requested in Count II.

18. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of Count II of the Complaint, and therefore denies the same and demands strict proof.

19. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of Count II of the Complaint, and therefore denies the same and demands strict proof.

20. Regarding paragraph 3 of Count II of the Complaint, Riteway repeats and incorporates by reference its responses to the allegations of paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) of Count I of the Complaint. Any remaining allegations are denied and Riteway demand strict proof.

21. Regarding the allegations of paragraph 4 of Count II of the Complaint, Riteway admits that Plaintiffs demanded an audit and Riteway refused to allow it. Riteway denies that it ever agreed to any such audit obligation and denies any contractual or statutory duty to submit to such audit. Any remaining allegations are denied.

**WHEREFORE**, regarding Plaintiffs' prayer and all allegations of Subparts "A" through "K" of Count II of the Complaint, those allegations are denied, Riteway prays that Count II be dismissed with prejudice, that all relief requested therein be denied, and that Riteway be awarded its costs and such other and further relief as the Court deems just and proper.

**Regarding the allegations of ¶¶1-4 of Count III of the Complaint**

22. Riteway repeats and incorporates by reference its responses to Count I, ¶¶ 1–16, to Count II, ¶¶1-4, and to the prayers thereunder, as if fully set forth herein, and denies all remaining allegations and all relief requested in Count III.

23. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of Count III of the Complaint, and therefore denies the same and demands strict proof.

24. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of Count III of the Complaint, and therefore denies the same and demands strict proof.

25. Regarding paragraph 3 of Count III of the Complaint, Riteway repeats and incorporates by reference its responses to the allegations of paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) of Count I of the Complaint. Any remaining allegations are denied and Riteway demand strict proof.

26. Regarding the allegations of paragraph 4 of Count III of the Complaint, Riteway admits that Plaintiffs demanded an audit and Riteway refused to allow it. Riteway denies that it ever agreed to any such audit obligation and denies any contractual or statutory duty to submit to such audit. Any remaining allegations are denied.

**WHEREFORE**, regarding Plaintiffs' prayer and all allegations of Subparts "A" through "K" of Count III of the Complaint, those allegations are denied, Riteway prays that Count III be dismissed with prejudice, that all relief requested therein be denied, and that Riteway be awarded its costs and such other and further relief as the Court deems just and proper.

**Regarding the allegations of ¶¶1-4 of Count IV of the Complaint**

27. Riteway repeats and incorporates by reference its responses to Count I, ¶¶ 1–16, to Count II, ¶¶1-4, to Count III, ¶¶1-4, and to the prayers thereunder, as if fully set forth herein, and denies all remaining allegations and all relief requested in Count IV.

28. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of Count IV of the Complaint, and therefore denies the same and demands strict proof.

29. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of Count IV of the Complaint, and therefore denies the same and demands strict proof.

30. Regarding paragraph 3 of Count IV of the Complaint, Riteway repeats and incorporates by reference its responses to the allegations of paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) of Count I of the Complaint. Any remaining allegations are denied and Riteway demand strict proof.

31. Regarding the allegations of paragraph 4 of Count IV of the Complaint, Riteway admits that Plaintiffs demanded an audit and Riteway refused to allow it. Riteway denies that it ever agreed to any such audit obligation and denies any contractual or statutory duty to submit to such audit. Any remaining allegations are denied.

**WHEREFORE**, regarding Plaintiffs' prayer and all allegations of Subparts "A" through "K" of Count IV of the Complaint, those allegations are denied, Riteway prays that Count IV be dismissed with prejudice, that all relief requested therein be denied, and that Riteway be awarded its costs and such other and further relief as the Court deems just and proper.

**Regarding the allegations of ¶¶104 of Count V of the Complaint**

32. Riteway repeats and incorporates by reference its responses to Count I, ¶¶ 1–16, to Count II, ¶¶1-4, to Count III, ¶¶1-4, to Count IV, ¶¶1-4, and to the prayers thereunder, as if fully set forth herein, and denies all remaining allegations and all relief requested in Count V.

33. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of Count V of the Complaint, and therefore denies the same and demands strict proof.

34. Riteway lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of Count V of the Complaint, and therefore denies the same and demands strict proof.

35. Regarding paragraph 3 of Count V of the Complaint, Riteway repeats and incorporates by reference its responses to the allegations of paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), and Sixteen (16) of Count I of the Complaint. Any remaining allegations are denied and Riteway demand strict proof.

36. Regarding the allegations of paragraph 4 of Count V of the Complaint, Riteway admits that Plaintiffs demanded an audit and Riteway refused to allow it. Riteway denies that it ever agreed to any such audit obligation and denies any contractual or statutory duty to submit to such audit. Any remaining allegations are denied.

**WHEREFORE**, regarding Plaintiffs' prayer and all allegations of Subparts "A" through "K" of Count V of the Complaint, those allegations are denied, Riteway prays that Count V be dismissed with prejudice, that all relief requested therein be denied, and that Riteway be awarded its costs and such other and further relief as the Court deems just and proper.

## II.

## AFFIRMATIVE DEFENSES

**COMES NOW** Defendant Riteway Maintenance & Supply, LLC ("Riteway"), and without admitting any burden of proof, asserting defenses in the alternative, and expressly reserving the right to amend, states as follows:

**First Affirmative Defense – Failure of Contract Formation / Non-Assent / Failure of Consideration / No Meeting of the Minds / No Pre-Existing Business Relationship / Failure to Condition Precedent**

Riteway never executed, through any duly authorized representative, a collective bargaining agreement, trust agreement, participation agreement, applicable agreement, or letter of assent with the Plaintiffs Laborers Union or related Funds or related persons or organizations. Riteway never executed, through any duly authorized representative, the "Stipulation" alleged in the Complaint. No valid contract or agreement was formed, and Riteway never assented to any such obligations, there was no consideration, no meeting of the minds, and no valid basis for pre-existing or past business relations, and no condition precedent met, necessary for the existence, formation or assent to any valid contract, agreements, or alleged "Stipulation."

**Second Affirmative Defense – Not Genuine / Unauthorized Signature**

Any purported signature or assent upon which Plaintiffs rely is not genuine, or was executed by an individual lacking actual authority to bind Riteway. Any such instrument is therefore void and unenforceable.

**Third Affirmative Defense – Lack of Apparent Authority**

Plaintiffs cannot establish that Riteway made any manifestations that would reasonably cause them to believe that any office employee or administrative staff possessed authority to execute a collective bargaining or trust agreement on Riteway's behalf. No reasonable reliance or apparent authority existed. Comer's long service as office manager did not include authority, actual or apparent, to execute labor-management agreements, and Riteway maintained internal policies reserving such authority exclusively to its president.

**Fourth Affirmative Defense – Fraud in the Execution**

Any alleged assent or signature was procured through deception as to the nature, scope, and essential character of the document presented. The document was presented as a single-page form when, in fact, it was part of a larger multi-page agreement, which was not presented or disclosed at the time Plaintiffs allege that the "stipulation" was signed, and the signer was expressly told by Marcus Johnson-El it was for job-specific or administrative purposes only. The signer did not understand or intend to bind Riteway to any collective bargaining or trust obligations, rendering the document void ab initio under principles of fraud in the execution.

**Fifth Affirmative Defense – No § 8(f) Adoption or Ratification**

Riteway did not adopt or ratify any construction-industry § 8(f) pre-hire agreement by conduct or course of dealing. Riteway has only bid projects "job-by-job" and has never been "union only." Any past dealings were strictly limited to project-specific arrangements, such as the KCI project, and Riteway promptly repudiated any contrary assertion upon notice of Plaintiffs' claims.

**Sixth Affirmative Defense – This Court Lacks Jurisdiction and Lacks Supplemental Jurisdiction and Venue is Improper**

Whereas Riteway never agreed to be "union" only, there is no applicable or valid "collective bargaining agreement," no applicable ERISA plan, and no underlying valid agreement or

"Stipulation," this Court lacks jurisdiction over Plaintiffs' claims. Where federal subject matter jurisdiction alleged is based on ERISA, but Plaintiffs' evidence fails to establish the existence of an ERISA plan, the claim must be dismissed for lack of subject matter jurisdiction, and venue is improper. Riteway preserves these defenses for appeal in light of the Court's May 7, 2026 Order.

**Seventh Affirmative Defense – Plaintiffs Lack Standing**

Whereas there is no applicable or valid "Plaintiff Fund", no applicable or valid "collective bargaining agreement," no applicable "Trust Agreement", and no applicable "Stipulation" or related agreements, upon which all of Plaintiffs' allegations rely, and Plaintiffs are not fiduciaries or trustees, Plaintiffs lack any equitable, property or other interest in any "plan," and Plaintiffs are not part of any "class" with standing to sue, Plaintiffs lack standing to bring their claims. Riteway preserves this defense for appeal in light of the Court's May 7, 2026 Order.

**Eighth Affirmative Defense – ERISA §§ 209, 502 and 515 Contingent Duties or Other Duties**

No duty to maintain records or remit fringe-benefit contributions arises under ERISA §§ 209 or 515 absent a valid and enforceable collective bargaining or participation agreement or "Stipulation." Riteway owes no duties to Plaintiffs under the circumstances, and as such Riteway owes no duty to maintain records, no duty to maintain records or remit contributions to Plaintiffs under the circumstances. Because no such agreement(s) exists, Plaintiffs' statutory claims, and claims for an award of supposed unpaid fringe benefit contributions and other alleged damages and prayers for recovery, fail as a matter of law.

**Ninth Affirmative Defense – Scope and Coverage Limits (Alternative)**

Alternatively, and only in the event any contractual obligation were found to exist, such obligation would be strictly limited to project-specific work, covered crafts, and the geographic

jurisdiction and dates of those specific jobs. Non-covered personnel, including administrative staff, supervisory employees, project management, estimators, and ownership/leadership personnel, are excluded from any fringe benefit or reporting obligations.

**Tenth Affirmative Defense – Statute of Limitations and Laches (Alternative)**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation, equitable doctrines of laches, and unreasonable delay prejudicing Riteway's defense. Since its beginning in 2004, Riteway has always bid "job-by-job," and has never agreed or acted in a manner to be "union only." Other than a single project that was bid and accepted on a "job-by-job" basis, not as a company-wide union basis, Riteway has never worked with the Greater Kansas City Laborers, and as such, Plaintiffs are and were aware at all relevant times that there is, and has never been, a valid basis for their claims (before or after any alleged "Stipulation" which is invalid and non-existent, and no applicable collective bargaining agreement(s) exists under the circumstances), and Plaintiffs unreasonably delayed in bringing claims, which are invalid. Further, whereas ERISA contains no statute of limitation under the circumstances, the Court looks to Missouri law for the most analogous statute of limitation, and thus, Plaintiffs' claims are time barred. See e.g. Mo. R. Civ. Pro. §§ 516.110, 516.120.

**Eleventh Affirmative Defense – Failure to State a Claim**

The Complaint fails to state a claim upon which relief may be granted under ERISA § 515, LMRA § 301, or any other theory of law or equity.

**Twelfth Affirmative Defense – Setoff, Recoupment, and Mitigation**

To the extent Plaintiffs have received any payments or benefits related to the matters alleged, those amounts must be credited as setoff or recoupment. Plaintiffs have also failed to mitigate their alleged damages, which must be reduced accordingly.

**Thirteenth Affirmative Defense – Reservation and Right to Amend (Alternative Pleading)**

Riteway pleads all defenses in the alternative under Fed. R. Civ. P. 8(d). Investigation and discovery are ongoing. Riteway expressly reserves the right to amend or supplement its Answer and Affirmative Defenses, and to assert additional defenses, counterclaims, crossclaims, or third-party claims as facts are developed, including but not limited to defenses based on estoppel, waiver, preemption, accord and satisfaction, payment, release, and offset. Nothing herein waives any non-waivable defenses, including lack of subject-matter jurisdiction.

**WHEREFORE,** Riteway respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, that all relief requested be denied, and that Riteway be awarded its costs and such other relief as the Court deems just and proper.

## III.

## COUNTERCLAIMS

**COMES NOW** Counter-Plaintiff Riteway Maintenance & Supply, LLC ("Riteway") and, pursuant to Fed. R. Civ. P. 13, 13(h), 18, 20, and 21, asserts the following Counterclaims against Plaintiffs and, against Western Missouri & Kansas Laborers District Council; Laborers Local 264; Laborers Local 1290; Greater Kansas City Laborers Pension Fund; Construction Industry Laborers Welfare Fund; Greater Kansas City Laborers Vacation Plan; Greater Kansas City Laborers Training Fund; Construction Industry Laborers Supplemental Medical & Retiree Targeted Fund; Construction Benefits Audit Corporation ("CBAC"); Amy Rote; Alice ("Ali") Stomboly; Marcus Johnson-El; Jeffrey Philgreen; Lance Claiborne; Reginald ("Reggie") Thomas; and Thomas ("Tom") Philgreen (collectively, "Counter-Defendants" and/or "Third-Party Defendants" as applicable). (Riteway is separately filing a Third-Party Complaint.) All allegations are based on

information presently known and are subject to amendment as discovery proceeds. Riteway reserves the right to file a Third-Party Complaint.

### A. **Parties**

37. Counter-Plaintiff Riteway is a Missouri limited liability company with its principal place of business in the Western District of Missouri.

38. Counter-Defendants Greater Kansas City Laborers Pension Fund; Construction Industry Laborers Welfare Fund; Greater Kansas City Laborers Vacation Plan; Greater Kansas City Laborers Training Fund; and Construction Industry Laborers Supplemental Medical & Retiree Targeted Fund (collectively, the "Laborers Funds") are multiemployer plans or trusts.

39. The Western Missouri & Kansas Laborers District Council is a labor organization.

40. Laborers Local 264 and Laborers Local 1290 are labor organizations.

41. Construction Benefits Audit Corporation ("CBAC") is the auditing firm retained by the Laborers Funds to conduct field audits; at all relevant times it acted through employees/agents including Audit Supervisor Amy Rote and Field Auditor Alice ("Ali") Stomboly.

42. Amy Rote and Alice ("Ali") Stomboly are individuals employed by CBAC who issued and pursued audit demands and communications directed to Riteway.

43. Marcus Johnson-El is/was a Business Representative of Laborers Local 264 who, on or about July 5, 2023, presented a single-page document to Riteway's office manager at 1300 Troost.

44. Jeffrey Philgreen is, upon information and belief, a representative of one or more of the Laborers Locals and a named plaintiff in this action.

45. In 2024, Mr. Philgreen appeared at Riteway's Panasonic jobsite and attempted to unionize Riteway's workforce on that non-union contract.

46. Lance Claiborne is or was union staff with organizing responsibilities who participated in or ratified the conduct alleged herein.

47. Reginald ("Reggie") Thomas is, upon information and belief, a retired union official, union representative who signed or facilitated the "stipulation" or document upon which Counter-Defendants rely.

48. Tom Philgreen is, upon information and belief, a Kansas-based officer or agent of Laborers Local 1290 who, together with Marcus Johnson-El and others, has overseen or directed wrongful efforts to treat Riteway as a company-wide signatory and to wrongfully promote expanded union control over Riteway's work.

49. The individual trustees of the Laborers Funds identified in the Complaint, including without limitation Mathew Bowen, Jason Mendenhall, and Jeffrey Philgreen, are named herein in their official and individual capacities to the extent they participated in, authorized, ratified, or benefited from the conduct alleged.

50. Where facts are peculiarly within Counter-Defendants' knowledge or control (e.g., internal communications, publications to third parties, audit-vendor instructions, and agency/authority chains), Riteway pleads on information and belief, with bases including the March 13, 2024, CBAC audit letter and subsequent audit correspondence.

### B. Jurisdiction & Venue

51. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, LMRA § 301, the Declaratory Judgment Act, 28 U.S.C. § 2201, and supplemental jurisdiction under 28 U.S.C. § 1367.

52. Venue is proper in this District because the events giving rise to these Counterclaims occurred here. These Counterclaims challenge the existence, validity, and scope of any purported

agreement(s), "Stipulation," and seek relief for fraud and related torts; they do not require adjudication of conduct arguably protected or prohibited by the NLRA.

### C. General Allegations (Common to All Counts)

53. Riteway has never executed, through an authorized representative, any applicable Laborers collective-bargaining agreement ("CBA"), fund participation agreement, or other instrument binding the company on a company-wide basis to be "union-only".

54. On December 23, 2019, Riteway executed a project-only KCI Letter of Assent or Project Agreement limited to the Kansas City International Single Terminal Project. That agreement did not bind Riteway on a company-wide basis.

55. Apart from that KCI project-only arrangement, Riteway's business has been overwhelmingly non-union. Approximately ninety percent (90%) of its work, including a major non-union janitorial and maintenance subcontract at the Panasonic 'Project Kansas' facility obtained through Turner Construction, has been performed on a non-union basis. Any laborer work Riteway performed under a Laborers agreement was done on a job-by-job basis, and Riteway paid and reported any required dues or fringes for that specific union work.

56. On or about July 5, 2023, Laborers Local 264 business representative Marcus Johnson-El appeared at Riteway's office at 1300 Troost in Kansas City, Missouri, and presented a single page to office manager Dana Comer (employed by Riteway since 2004), mischaracterizing it as a limited, administrative document that would help Riteway "move to other jobs quicker," not as a company-wide collective-bargaining or trust agreement.

57. The page Marcus presented showed staple holes and torn-off pages, with whited-out page numbers and five blank signature lines. Marcus did not present the complete agreement or its terms to Ms. Comer.

58. Ms. Comer expressly told Marcus that she did not have authority to sign documents binding the company. At the time, Riteway's president, Thomas Turner, was out of the country in France. Despite Comer's statement, Marcus insisted that she could sign and that the document was routine and limited in effect.

59. Relying on those assurances, representations, and the incomplete, one-page presentation, Ms. Comer signed in her capacity as office manager. She did not intend, and had no authority, to bind Riteway to any company-wide Laborers CBA, trust, or participation agreement.

60. Approximately one week later, Marcus returned with another copy of the same signature page, now bearing five additional signatures that had not been present when Ms. Comer signed. Marcus did not explain who those individuals were, how or when those signatures were obtained, or what full agreement the page purported to belong to. Mr. Turner was still unaware that Marcus had come to the office.

61. Upon information and belief, in 2024, Laborers representative Jeffrey Philgreen, a named plaintiff, appeared at the Panasonic jobsite and attempted to unionize Riteway's employees on that non-union contract obtained through Turner Construction. Turner and Riteway rejected those efforts and continued to treat the Panasonic work as non-union.

62. Thereafter, Construction Benefits Audit Corporation ("CBAC"), through Audit Supervisor Amy Rote and Auditor Alice "Ali" Stomboly, issued audit demands asserting that Riteway was party to (a) the KCI project agreement dated December 23, 2019; (b) an IBEW Local 124 agreement; and (c) a broader Greater Kansas City Laborers agreement dated July 5, 2023, and framed a "random audit" covering the period January 1, 2022, through March 31, 2024, on a company-wide basis.

63. On or about June 11, 2024, Riteway repudiated any alleged company-wide assent and notified CBAC that Riteway is not signatory beyond project-specific arrangements.

64. Despite repudiation, audit pressures continued.

65. Upon information and belief, Counter-Defendants conveyed and/or published "signatory/audit" assertions to third parties, including in jobsite-related outreach, causing disruption to business relations and opportunities.

66. Upon information and belief, on or about early 2024, Jeffrey Philgreen appeared at or in connection with the Panasonic jobsite and engaged in field outreach concerning Riteway's purported signatory status and alleged audit/contribution obligations.

67. Upon information and belief, in the course of that outreach and related follow-up communications, Jeffrey Philgreen stated or implied to Riteway personnel and/or jobsite stakeholders that Riteway was bound company-wide to a Laborers CBA and subject to a full payroll audit, despite the absence of any valid assent by an authorized Riteway representative or any valid agreement.

68. These communications will be further particularized as discovery yields counterpart documents and witness identities.

69. As a direct and proximate result, Riteway has incurred investigation expenses and attorneys' fees, costs and suffered pecuniary harm in an amount to be proven at trial.

**Count I — Declaratory Judgment (28 U.S.C. § 2201) and LMRA § 301**
**(Against: Counter-Defendants, the Laborers Funds and their Trustees (including Tom Philgreen), Western Missouri & Kansas Laborers District Council, Laborers Local 264, Laborers Local 1290, CBAC, Amy Rote, Alice ("Ali") Stomboly, and Jeffrey Philgreen.)**

70. Riteway realleges all preceding paragraphs as if fully set forth herein.

71. An actual, justiciable controversy exists regarding whether Riteway is bound to any Laborers CBA or trust instrument or "Stipulation," whether Counter-Defendants possess any audit

rights or ERISA § 515 contribution rights against Riteway, and whether any purported assent is void.

72. A declaration will clarify the parties' rights and resolve the dispute over contract formation, audit scope, and alleged contribution duties.

**WHEREFORE**, Riteway requests a declaration that (a) Riteway is not bound by any Laborers CBA or trust with company-wide effect; (b) the Funds, their Trustees, the District Council, and the Locals have no audit or ERISA § 515 rights against Riteway; and (c) any purported signature or assent is unauthorized, void, or otherwise unenforceable; and for costs and all other just relief.

**Count II — Cancellation of Instrument (Equitable)**
**(Against: Laborers Local 264, Western Missouri & Kansas Laborers District Council, the Laborers Funds and their Trustees (including Tom Philgreen), Marcus Johnson-El, Reginald ("Reggie") Thomas, CBAC, Amy Rote, and Alice ("Ali") Stomboly.)**

73. Riteway realleges all preceding paragraphs as if fully set forth herein.

74. Counter-Defendants assert rights under an alleged written document presented to Riteway's office manager on July 5, 2023.

75. The document was presented with misrepresentations as to its purpose and meaning, without full terms and was signed by an individual without authority.

76. Cancellation of the instrument is necessary to prevent further misuse.

**WHEREFORE**, Riteway requests an order cancelling the instrument and enjoining its use.

**Count III — Rescission / Reformation (Alternative)**
**(Against: Counter-Defendants, Laborers Local 264, Western Missouri & Kansas Laborers District Council, and the Laborers Funds and their Trustees.)**

77. Riteway realleges all preceding paragraphs as if fully set forth herein.

78. To the extent any contract is found to exist, it was procured by misrepresentation or mistake regarding scope and authority.

79. Equity requires rescission or, alternatively, reformation to reflect project-only limits.

**WHEREFORE**, **Riteway requests rescission or reformation and equitable relief.**

**Count IV — Fraudulent Misrepresentation (Common Law)**
**(Against: Laborers Local 264, Western Missouri & Kansas Laborers District Council, the Laborers Funds and their Trustees (including Tom Philgreen), Marcus Johnson-El, Reginald ("Reggie") Thomas, CBAC, Amy Rote, Alice ("Ali") Stomboly, Lance Claiborne, and Jeffrey Philgreen.)**

80. Riteway realleges all preceding paragraphs as if fully set forth herein.

81. Counter-Defendants represented that the July 5, 2023, document would only facilitate job-by-job assignment, not bind Riteway company-wide.

82. The representation was false, and Counter-Defendants knew or recklessly disregarded its falsity.

83. Riteway relied on the misrepresentation through its office manager.

84. Riteway suffered damages including legal and administrative expense.

**WHEREFORE**, Riteway requests compensatory and punitive damages and all further relief.

**Count V — Negligent Misrepresentation**
**(Against: Counter-Defendants, CBAC, Amy Rote, Alice ("Ali") Stomboly, the Laborers Funds and their Trustees (including Tom Philgreen), Laborers Local 264, Western Missouri & Kansas Laborers District Council, Marcus Johnson-El, Reginald ("Reggie") Thomas, Lance Claiborne, and Jeffrey Philgreen.)**

85. Riteway realleges all preceding paragraphs as if fully set forth herein.

86. In the course of their business, Counter-Defendants supplied false information concerning Riteway's alleged signatory status and related obligations, including but not limited to: (a) Marcus Johnson-El's July 5, 2023 statements to Dana Comer mischaracterizing a one-page document as limited and innocuous rather than a company-wide commitment; and (b) audit-demand communications issued or coordinated by CBAC, Amy Rote, and Alice "Ali" Stomboly asserting company-wide signatory and audit rights.

87. Counter-Defendants failed to exercise reasonable care or competence in obtaining or communicating that information, including by presenting an incomplete document with torn-off pages and staple remnants, and by asserting audit and contribution rights without a valid assent by an authorized Riteway representative.

88. Riteway justifiably relied on those statements in addressing the dispute and incurred pecuniary loss, including investigation and response costs and other business expenses, in an amount to be proven at trial.

89. Negligent misrepresentation under Restatement (Second) of Torts § 552 is pled in the alternative to Count IV.

**WHEREFORE**, Riteway requests pecuniary damages, costs, interest, and further just relief.

**Count VI — Tortious Interference with Business and Contractual Relations (Limited) (Against the Counter-Defendants, the Laborers Funds and their Trustees (including Tom Philgreen); Western Missouri & Kansas Laborers District Council; Laborers Local 264, Laborers Local 1290; Marcus Johnson-El, Reginald ("Reggie") Thomas, CBAC, Amy Rote, Alice ("Ali") Stomboly, Lance Claiborne, and Jeffrey Philgreen, and involved agents, including trustees/representatives to be identified.)**

90. Riteway realleges the foregoing allegations.

91. Riteway maintains ongoing business relations with project owners/GCs, including Panasonic and Meta.

92. Counter-Defendants knew of those relations and, upon information and belief, engaged in outreach and conduct in support of asserting company-wide union obligations.

93. The conduct has disrupted or burdened Riteway's relations and performance and poses ongoing risk of further harm.

**WHEREFORE**, Riteway requests pecuniary damages, attorney fees, costs, interest, injunctive relief, compensatory damages (including lost opportunity costs), and further just relief.

**Count VI — Tortious Interference with Existing and/or Prospective Business and Contractual Relations and Expectancy (Against the Counter-Defendants, the Laborers Funds and their Trustees (including Tom Philgreen); Western Missouri & Kansas Laborers District Council; Laborers Local 264, Laborers Local 1290; Marcus Johnson-El, Reginald ("Reggie") Thomas, CBAC, Amy Rote, Alice ("Ali") Stomboly, Lance Claiborne, and Jeffrey Philgreen, and involved agents, including trustees/representatives to be identified.)**

94. Riteway realleges the foregoing allegations.

95. During relevant times, Riteway has been engaged in negotiations with prospective buyer(s) of Riteway.

96. Contract(s), letter(s) of intent, agreements(s) and/or valid business relationships and expectancy exist regarding the expected and anticipated sale of Riteway to buyer(s).

97. On information and belief, Counter-Defendants are aware and have knowledge of such business relationships and expectancy;

98. On information and belief, Counter-Defendants, without justification, by this lawsuit and conduct alleged by Riteway herein, have intentionally interfered by inducing or causing the breach, interference and/or disruptions of the agreements, relationship and/or expectancy.

99. As a result of the misconduct of Counter-Defendants, Riteway has been damaged, disrupting, interfering with, causing the breach of, or causing the material alteration and/or disruption of, agreements, relationships and/or expectancy.

**WHEREFORE**, Riteway requests pecuniary damages, attorney fees, costs, interest, injunctive relief, compensatory damages (including lost opportunity costs), and further just relief.

## II. PRAYER FOR RELIEF ON COUNTERCLAIMS (Consolidated)

**WHEREFORE,** Riteway respectfully requests judgment in its favor and against the appropriate Counter-Defendants on each respective Counterclaim; a declaration under 28 U.S.C. § 2201 and LMRA § 301 that Riteway is not bound by any collective bargaining, participation, or

trust agreement with company-wide effect; that no enforceable assent or signature binds Riteway; and that the Funds and Unions possess no ERISA § 515 or audit rights arising from any alleged agreement. Riteway further seeks equitable relief including cancellation of any purported assent or instrument, rescission or, in the alternative, reformation to reflect project-specific limits, and injunctions prohibiting continued reliance on the alleged agreement. Riteway also seeks compensatory, consequential, and punitive damages as permitted by law; restitution/disgorgement of any amounts wrongfully demanded or received; pre- and post-judgment interest; attorneys' fees and litigation expenses where authorized; taxable costs; and all other legal and equitable relief the Court deems just.

## III. DEMAND FOR JURY TRIAL

**COMES NOW** Riteway Maintenance & Supply, LLC and demands trial by jury on all issues so triable as a matter of right. Riteway requests that all claims sounding in tort, contract, and statutory law, including factual determinations underlying equitable relief, be submitted to a jury pursuant to the Seventh Amendment and applicable federal law.

## IV. NOTICE OF COMPANION MOTIONS

**COMES NOW** Riteway Maintenance & Supply, LLC and gives notice that it intends to file companion motions seeking procedural and protective relief. Riteway will move pursuant to Fed. R. Civ. P. 26(c) for a protective order staying, or in the alternative narrowly limiting, any audit or discovery pending resolution of the threshold issue of contract formation and agency authority. Riteway will further request that the Court prohibit any direct contact with third parties, including customers, contractors, or project owners, absent leave of Court.

Additionally, Riteway will move under Fed. R. Civ. P. 42(b) to bifurcate these proceedings, with Phase One limited to determining whether any enforceable agreement exists, and Phase Two (only if necessary) addressing the scope of any obligations and damages.

Respectfully submitted,

/s/ Nimrod Chapel
Nimrod Chapel #46875 MO
The Chapel Law Group, LLC
311 W Dunklin Ave
Jefferson City, MO 65101
(573) 303-0405
Nimrod@chapellaw.com

C. Austin Reams #66825
REAMS LAW
9208 North Kelley Ave.
Oklahoma City, OK 73131
Telephone: 405-285-6878
Fax: 405-840-1164
austin@reams.law

*Attorneys for Defendant and*
Counter-Claimant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 21st day of May, 2026, a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaims was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record who are registered CM/ECF participants.

/s/ C. Austin Reams